UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION


MAGGIE BENNETT                              CASE NO.  6:22-CV-05983

VERSUS                                      JUDGE JAMES D. CAIN, JR.

LOUISIANA  FARM  BUREAU  MUTUAL   MAGISTRATE JUDGE KAY
INSURANCE CO ET AL


<u>**MEMORANDUM RULING**</u>

Before the court is a Motion for Summary Judgment [doc. 31] filed by defendant

Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") and seeking

dismissal of all claims in this matter. Plaintiff does not oppose the motion. Doc. 33.

**I.**
**BACKGROUND**

This suit arises from alleged damage to plaintiff's home in Hurricane Delta, which

made landfall in Southwest Louisiana on October 9, 2020. At all relevant times the property

was insured under a homeowner's policy issued by Farm Bureau. Plaintiff filed suit in the

16th Judicial District Court, St. Mary Parish, Louisiana, raising claims of breach of contract

and bad faith based on Farm Bureau's alleged failure to timely and adequately compensate

her for covered losses. Farm Bureau shows that the policy at issue is a Standard Flood

Insurance Policy ("SFIP") issued by Farm Bureau as a Write-Your-Own program carrier

participating in the National Flood Insurance Program. Doc. 1. The federal courts have

exclusive and original jurisdiction over SFIP and all disputes arising from the handling of

any claim under an SFIP. *E.g.*, *Morris v. Simsol Ins. Serv.*, 2013 WL 6590584 (W.D. La.

Dec. 16, 2013). Accordingly, Farm Bureau removed the suit to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Doc. 1.

Farm Bureau now moves for summary judgment, arguing that plaintiff's claims must be dismissed because she failed to comply with SFIP's proof of loss procedures. Doc. 31. Plaintiff has filed a statement of no opposition. Doc. 33.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Congress created the NFIP in 1968 to provide affordable flood. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). FEMA operates the program and issues policies directly or through private insurers, known as "Write Your Own" companies. *Id.* Claims through both types of policies are paid directly from the federal treasury. *Id.* No provision of an SFIP can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator. *Id.*; 44 C.F.R. § 61.13(d). Because pay-outs involve federal funds, SFIP provisions are strictly enforced and construed. *Gowland*, 143 F.3d at 954; *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005). Accordingly, a plaintiff seeking further federal benefits under an SFIP must show "prior compliance with all policy requirements." *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295, 298 (5th Cir. 2008) (citing 44 C.F.R. § 61, app. A(1) art. VII(R)).

The SFIP requires a plaintiff to provide prompt written notice of a loss and to submit a formal proof of loss within 60 days. *Gowland*, 143 F.3d at 954; 44 C.F.R. § 61. Farm Bureau alleges, and plaintiff does not dispute, that its first notice of plaintiff's alleged loss was the petition she filed in state court nearly two years after Hurricane Delta. Failure to

provide a timely and compliant proof of loss "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (filing a complete proof of loss is a "condition precedent" to bringing suit for proceeds under a SFIP). Accordingly, plaintiff's claims have no merit.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 31] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of October, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**